For plaintiff: Joseph G. Le Count.

For defendant: Roger L. McCarthy.

Ada L. Kenney
vs.
Parabed Stepanian
} No. 89771.

July 12, 1933.

POULIOT, J. This is an action in which the plaintiff sues to recover for the death of her husband, Walter J. Kenney, and is before the Court on defendant's motion for a new trial after a jury verdict for the plaintiff in the sum of $1248.00.

Late on the night of July 22, 1932, the deceased was on his way home after having spent the evening with a friend, Albert B. Fisk, who was night watchman at an ice-house on Reservoir Avenue, in Providence, located near the Jewish Cemetery.

We have little or no definite information as to how the accident occurred. Miss Mary F. Irish, who appeared for the plaintiff, was driving along Reservoir Avenue in the direction of Providence. She happened to

look up and saw a man immediately in front of the headlights of an automobile coming from the opposite direction; that automobile didn't seem to her to be going fast; she turned her eyes away from it, stopped a short distance further on, looked back and the accident had taken place.

The only other person who could have any knowledge about the accident is the defendant. He states he was on his way home from delivering orders to his customers and was proceeding along the road, which was rough through that area, when he felt a bump which was a little heavier than he had previously felt while going over the rough spots; that at first he thought the bump might have been due to the condition of the road, proceeded on, and on second thought decided it was of an unusual nature, so he stopped his car, looked back and saw two men picking up the deceased. He had steadfastly maintained that he did not know he had struck anyone.

The street in the area where the accident took place is unlighted and admittedly very dark.

Freedom from negligence contributing to the accident, on the part of the deceased, is the first thing the plaintiff must prove in order to recover. As there is no evidence of what his conduct was and as he is dead, there is a presumption that he was in the exercise of due care. But the testimony of Dr. William N. Hughes, a neurologist, raises a doubt, at least, that this presumption should hold. He testified that he had treated the deceased prior to the accident for syphilis of the nervous system which had brought about such a condition that he had advised mental hospitalization, as he felt the deceased was dangerous to himself, being likely to step off sidewalks into traffic.

The defendant is charged with being negligent in that he failed to see the deceased and failed to stop in time to avoid the collision. It is contended on behalf of the plaintiff that the defendant should have seen what Miss Irish saw and, therefore, that it was his duty to avoid the collision, this making him liable even though the plaintiff had been guilty of contributory negligence.

This is bringing in the doctrine of the last clear chance. It was the duty of the defendant to do all he could to avoid an accident with a person who, by his own negligence, placed himself in a position of danger, but the duty did not arise until it became apparent to the defendant that the deceased was in a place of danger and would not get out of it in time to escape a collision.

We have no evidence in this case as to the respective positions of the deceased and of the defendant's car, except in the short, flashing look of Miss Irish, who placed the deceased in front of the headlights "about to hit".

There is no evidence of any kind of negligence on the part of the defendant other than what might arise under the doctrine of the last clear chance. The plaintiff has failed to prove by any preponderance of the evidence that she is entitled to recover. If she had been entitled to a verdict, the amount of damages awarded by the jury would not be excessive.

Motion for new trial granted.

For plaintiff: Rosenfeld & Hagan.

For defendant: Henry M. Boss.